UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
WEI YIN,

                          Petitioner,

          - against -

RAUL MALDONADO, Warden of the
Metropolitan Detention Center; PAMELA
BONDI, U.S. Attorney General; KRISTI
NOEM, U.S. Secretary of Homeland Security;
and EXECUTIVE OFFICE OF
IMMIGRATION REVIEW,

                          Respondents.
-------------------------------------------------------x

**MEMORANDUM AND ORDER**
26-CV-0103 (PKC)

PAMELA K. CHEN, United States District Judge:

This is the latest case in a series of challenges to the Department of Homeland Security's ("DHS") policy requiring "all persons who entered the United States without inspection"— including those who "have resided in the United States for months, years, and even decades," to be subject to the mandatory detention provision under 8 U.S.C. § 1225(b)(2)(A) ("Section 1225(b)(2)(A)"). (Pet., Dkt. 1, ¶ 28); *see, e.g.*, *Goorakani v. Lyons*, No. 25-CV-9456 (DEH), 2025 WL 3632896, at *2 (S.D.N.Y. Dec. 15, 2025). Here, Petitioner Wei Yin seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, contending that Respondents, by re-detaining Petitioner after a prior release on recognizance, without notice or any individualized justification, violated his due process rights. (*See generally* Pet., Dkt. 1.) For the following reasons, the petition is GRANTED, and Respondents are ordered to immediately release Petitioner from custody.

## BACKGROUND

Petitioner Wei Yin is a citizen of China who was arrested by the United States Border Patrol ("USBP") in August 2023 for entering without inspection. (Tucciarone Decl., Dkt. 5-1

¶¶ 3–4.)  Shortly thereafter, DHS, which includes the USBP, served Petitioner with a Notice to Appear ordering him to appear before an immigration judge ("IJ"), and released Petitioner "on his own recognizance" due to a lack of detention space.  (*Id.* ¶¶ 4–5.)  Thereafter, Petitioner filed an application for relief from removal and reported as directed to immigration authorities.  (*Id.* ¶¶ 9–11.)  At the time, Petitioner had been living in Brooklyn, working at a restaurant, and attending services at the Chinese Christian Church of Blessing.  (Pet., Dkt. 1, ¶ 46.)

On November 21, 2025, Petitioner arrived at 26 Federal Plaza for a scheduled check-in when, suddenly, Immigration and Customs Enforcement ("ICE") arrested and detained Petitioner pursuant to Section 1225(b)(2)(A).  (*See* Tucciarone Decl., Dkt. 5-1, ¶ 11.)  Petitioner currently is detained at the Metropolitan Detention Center in Brooklyn, New York.  (*Id.* ¶ 12.)  On January 6, 2026, IJ Conroy conducted a custody re-determination hearing pursuant to 8 U.S.C. § 1226(a) ("Section 1226(a)"); 8 C.F.R. § 1236.  (*Id.* ¶ 20.)  In a two-sentence order, IJ Conroy found that Petitioner "has demonstrated he is not a danger to the community."  However, IJ Conroy also found that Petitioner "is a very high flight risk and that no amount of bond will mitigate said risk." (Pet. Ex. D., Dkt. 1, at ECF[1] 28.)  Petitioner nonetheless filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that he was wrongfully detained under Section 1225(b)'s mandatory detention provision, and that his detention "at a routine check-in, imposed without notice, [and] without an individualized assessment of risk" violated his due process rights.  (Pet., Dkt. 1, ¶¶ 18–59.)

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

**DISCUSSION**

Respondents argue that the Court should reject the petition because Petitioner is subject to mandatory detention pursuant to Section 1225(b)(2)(A). (Gov't's Resp. O.S.C., Dkt. 5, at 5–6.) However, Respondents acknowledge that this Court's decision in *R.A.R.R. v. Almodovar et al.*, No. 25-CV-6597 (PKC) (E.D.N.Y. Dec. 19, 2025) (Oral Ruling and Docket Order), finding that a non-citizen in similar circumstances to Petitioner's could not be detained pursuant to Section 1225(b)(2)(A), "would control the result in this case if the Court adheres to that ruling." (*Id.*) Respondents assert that even if Petitioner could only be detained pursuant to Section 1226(a), the Court should deny the petition because Petitioner "received a [Section] 1226(a) bond determination hearing on January 6, 2026," and has not appealed the denial of his bond. (*Id.* at 6.)

**I. Petitioner Did Not Need to Exhaust Administrative Remedies.**

Contrary to Respondents' contention, Petitioner need not exhaust administrative remedies. Petitioner challenges the constitutionality of his detention on November 21, 2025, not IJ Conroy's denial of bond thereafter. "There is no statutory requirement that a habeas petitioner exhaust his administrative remedies before challenging his immigration detention." *Araujo-Cortes v. Shanahan*, 35 F. Supp. 3d 533, 538 (S.D.N.Y. 2014); *Quispe-Sulcaray v. Noem*, No. 25-CV-09908 (VEC), 2025 WL 3501207, at *2 (S.D.N.Y. Dec. 7, 2025) (same).

**II. Petitioner Was Wrongly Detained Under 28 U.S.C. § 1225(b).**

The Court adheres to its conclusion in *R.A.R.R.* that Section 1226(a), not Section 1225(b)(2)(A), governs Petitioner's detention. Section 1225(b)(2)(A) provides that an alien who is "an applicant for admission" "shall be detained" "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). As this Court in *R.A.R.R.* and a chorus of district courts have held, a non-citizen who is already in the country pending the outcome of removal proceedings

3

is not "seeking admission," and therefore is not subject to Section 1225(b)(2)(A)'s mandatory detention. *See R.A.R.R.*, No. 25-CV-6597 (PKC) (E.D.N.Y. Dec. 19, 2025) (Oral Ruling and Docket Order); *Barco Mercado v. Francis*, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *5–10 (S.D.N.Y. Nov. 26, 2025) (citing *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018)) (similarly deriving this conclusion from the "text, structure, and history" of Sections 1225 and 1226); *see also id.* at *13–14 (compiling cases). Because Petitioner arrived in 2023, was released on his own recognizance, and spent several years living and working in the United States, he was not "seeking admission" when ICE agents arrested him on November 21, 2025, and therefore is not subject to mandatory detention. (*See* Pet., Dkt. 1); *Barco Mercado*, 2025 WL 3295903, at *5.

Rather, Petitioner's detention is governed by Section 1226(a), which provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." However, immigration authorities may "release" the non-citizen on bond. 8 U.S.C. § 1226(a)(2). Re-detention under Section 1226(a) requires an immigration officer to exercise discretion to revoke prior release. *See* 8 C.F.R. §§ 236.1(c)(8)–(9). Here, Respondents admit that they did *not exercise discretion to re-detain Petitioner*; rather, they adopted the procedures of *mandatory* detention under Section 1225(b)(2)(A). (Tucciarone Decl., Dkt. 5-1, ¶ 11.) Because Respondents detained Petitioner pursuant to the wrong statute, his due process rights were violated. *See Barco Mercado*, 2025 WL 3295903, at *12; *M.K. v. Arteta*, No. 25-CV-9918 (LAK), 2025 WL 3720779, at *8–9 (S.D.N.Y. Dec. 23, 2025) ("Having determined that [Section 1225(b)(1)] is inapplicable to [individual living in the United States for over two years], the Court concludes that [individual's] detention pursuant to the wrong statute is unlawful"); *Yao v. Almodovar*, No. 25-CV-9982 (PAE), 2025 WL 3653433, at *11 (S.D.N.Y. Dec. 17, 2025) (concluding that "ICE's discretion-free

detention of [petitioner] abridged his rights under [Section] 1226 and violated due process," and compiling cases reaching the same solution).

## III.    That Petitioner Received a Bond Hearing Is Irrelevant.

The Court rejects Respondents' contention that Petitioner is ineligible for relief because he ultimately did receive a bond hearing pursuant to 8 C.F.R. § 236.1(d).  (*See* Gov't's Resp. O.S.C., Dkt. 5, at 6.)  It is well established that if a petitioner's re-detention "violated his due process rights in the first instance, a later bond hearing cannot remedy that constitutional violation."  *See, e.g.*, *Khabazha v. U.S. Immigr. & Customs Enf't*, No. 25-CV-5279 (JMF), 2025 WL 3281514, at *7 (S.D.N.Y. Nov. 25, 2025) (citation omitted); *Yao*, 2025 WL 3653433, at *11–12 (collecting cases); *Tumba v. Francis*, No. 25-CV-8110 (LJL), 2025 WL 3079014, at *7–8 (S.D.N.Y. Nov. 4, 2025). Where, as here, the government's violation of Petitioner's constitutional rights "originated with [his] detention in the first instance[,] . . . a hearing is no substitute for the requirement that ICE engage in a deliberative process prior to, or contemporaneous with, the initial decision to strip a person of the freedom that lies at the heart of the Due Process Clause." *See Tumba*, 2025 WL 3079014, at *7–8 (citations omitted); *E.A. T. -B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) ("[A] post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the [wrongful detention] and cannot prevent an erroneous deprivation of liberty." (citation omitted)).   Indeed, the bond hearing *cannot* rectify Petitioner's wrongful detention because custody hearings pursuant to 8 C.F.R. § 236.1(d) are "provided for the purpose of custody *re*-determination—a hearing held by an immigration judge *after ICE makes its initial decision to detain*." *Chipantiza-Sisalema v. Francis*, No. 25-CV-5528 (AT), 2025 WL 1927931, at *3 (S.D.N.Y. July 13, 2025) (emphasis added) (citing 8 C.F.R. § 236.1(d)).

The implications of the Respondents' argument are startling.  Were the Court to accept this contention, a petitioner could be wrongfully detained due to a lack of due process for weeks,

months, even years, without any recourse for release. "The suggestion that government agents may sweep up any person they wish, for any reason, and hold that person . . . without consideration of dangerousness or flight risk" until, at some point, they are provided a hearing, "offends the ordered system of liberty that is the pillar of the Fifth Amendment." *Chipantiza-Sisalema*, 2025 WL 1927931 at *3. Respondents may not shield their unlawful arrest of Petitioner by hiding behind an IJ's conclusory, two-line determination of flight risk—much less one that is at odds with DHS's decision to release Petitioner on his own recognizance on September 2, 2023, and Petitioner's documented attendance at immigration check-ins. *See Valdez v. Joyce*, No. 25-CV-4627 (GBD), 2025 WL 1707737, at *3 (S.D.N.Y. June 18, 2025).

Because Petitioner was not afforded process prior to his re-detention, the appropriate remedy is release. *See Chipantiza-Sisalema*, 2025 WL 1927931, at *3–4; *Cardenas v. Almodovar*, No. 25-CV-9169 (JMF), 2025 WL 3215573, at *3–4 (S.D.N.Y. Nov. 18, 2025). Accordingly, the Court grants Petitioner a writ of habeas corpus.

## CONCLUSION

The Court grants the petition for writ of habeas corpus. Respondents are directed to release Petitioner from custody immediately and no later than within 24 hours of this Order. Respondents are further directed to return to Petitioner any and all funds or property seized from Petitioner at the time of his arrest. Respondents are directed to certify compliance with the Court's Order by filing a letter on the docket no later than 6:00 p.m. tomorrow, February 5, 2026. The Court further orders that Petitioner must not be re-detained by Respondents without notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, at which Respondents will have the burden of showing that Petitioner's re-detention is authorized under Section 1226(a). The deadline for Petitioner to apply for an award of reasonable fees and costs

pursuant to the Equal Access to Justice Act is <u>April 1, 2026</u>.  The Clerk of Court is respectfully directed to enter judgment consistent with this Order and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: February 4, 2026
      Brooklyn, New York